**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 98-20367**
**Summary Calendar**
_____

**HOUSTON INDEPENDENT SCHOOL DISTRICT,**

**Plaintiff-Appellee,**

**versus**

**DOUGLAS J.; CAROL J; REED J.,**

**Defendants-Appellants.**

---

**Appeal from the United States District Court**
**for the Southern District of Texas**
**USDC No.97-CV-292**

---

**January 27, 1999**

Before KING, Chief Judge, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Appellants, Reed J. and his parents, Douglas J. and Carol J.,
appeal the summary judgment in favor of Appellee Houston
Independent School District and the district court's protective
order and associated award of attorney's fees against Appellants.
We **AFFIRM.**

I.

Reed J. is a learning disabled high school student enrolled at
a school within the Houston Independent School District (HISD).

---

[*]     Pursuant to 5TH CIR. R. 47.5, the Court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

During Reed J.'s third grade year, the HISD completed a comprehensive individual assessment of Reed J., and an Admissions, Review and Dismissal Committee (ARDC) determined that Reed J. was eligible for special education as a learning disabled student in the areas of written expression, reading, comprehension, and speech. In February 1990 (Reed J.'s fourth grade year), an ARDC developed an individual education plan (IEP) that addressed Reed J.'s reading and writing deficits. Reed J. received resource assistance for reading and writing during his fourth and fifth grade school years.

When Reed J. was reevaluated in the sixth grade, HISD found him to be reading on a second grade level. Although HISD determined that Reed J. no longer qualified for special education in speech, it recommended Reed J. for special education in reading and writing. At a May 1994 meeting, an ARDC recommended further modifications for his 1994-95 (eighth grade) IEP. At a December 1994 ARDC meeting, Reed J.'s failure of a piano class was discussed and numerous modifications were recommended for Reed J.'s instruction.

In May 1995, an ARDC determined that Reed J. would attend Scarborough High School for 1995-96 because of its smaller size and block scheduling. After Reed J. transferred to the high school, his IEPs were four to six weeks late in arriving.

In October 1995, Dr. Jack Fletcher, Ph.D., a private

**2**

neuropsychologist, examined Reed J.  Dr. Fletcher determined that Reed J. had dyslexia and Attention Deficit Hyperactivity Disorder. Dr. Fletcher prepared a report containing the results of his testing of Reed J., and an ARDC met in January 1996 to discuss the report.  IEPs were developed for  Reed J. that provided for extensive modifications, including, among other things, highlighted texts.  However, Dr. Fletcher's report mistakenly listed much higher scores on Reed J.'s test results than Reed J. actually achieved; the ARDC, not knowing of the errors, used these scores in developing the IEPs.

At a September 1996 ARDC meeting, Reed J.'s parents requested that HISD provide Reed J. with a private reading tutor.  The ARDC refused.  Reed J.'s parents placed Reed J. in a private reading program, at a cost of $50 per week, and then filed for a due process hearing, claiming that, because HISD had not provided Reed J. with highlighted texts in all his courses as required by the January 1996 IEPs, it had violated the Individuals With Disabilities Education Act (IDEA), 20 U.S.C. § 1400 *et seq.*, and denied Reed J. a free, appropriate public education (FAPE).

A hearing was held, and the hearing officer found that Reed J. had been denied a FAPE, but only because of HISD's failure to provide highlighted texts in all of Reed J.'s classes. The hearing officer ordered HISD to reimburse the private tutor and transportation costs through the end of the 1996-97 school year.

HISD filed an appeal in district court. The district court granted HISD's summary judgment motion, reversing the hearing officer. Appellants contest that decision.

During those proceedings, Appellants' counsel sent an e-mail message to the employer of one of HISD's expert witnesses that apparently caused concern on the part of that witness. HISD moved for a protective order. The district court granted the protective order and concomitantly awarded HISD $1,943.75 in attorney's fees related to the preparation of the motion. Appellants also contest this order.

## II.

### A.

Of course, we review a summary judgment *de novo*, applying the same standard applied by the district court. *E.g.*, **Burns v. Harris County Bail Bond Bd.**, 139 F.3d 513, 517 (5th Cir. 1998). The district court must give due deference to the hearing officer's findings. **Board of Educ. v. Rowley**, 458 U.S. 176, 206 (1982). Our court has interpreted this to mean that the district court is to give those findings "due weight" in conducting a "virtually *de novo*" review of the decision. **Teague Independent Sch. Dist. v. Todd L.**, 999 F.2d 127, 131 (5th Cir. 1993).

Having reviewed the briefs and the record, we affirm the summary judgment for essentially the reasons stated by the district court in its comprehensive and well-reasoned opinion. **Houston**

*Independent Sch. Dist. v. Douglas J.*, No. H-97-0292, slip op. at 5-25 (S.D. Tex., Mar. 31, 1998).

                                    B.

Appellants also contested the district court's protective order and associated attorney's fees awarded HISD.  We review such orders for abuse of discretion.  *Leatherman v. Tarrant County Narcotics Intelligence & Coordination*, 28 F.3d 1388, 1394 (5th Cir. 1994); *Landry v. Air Line Pilots Ass'n Int'l, AFL-CIO*, 901 F.2d 404, 436 (5th Cir. 1990).

Federal Rule of Appellate Procedure 10(b)(2) states: "If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant shall include in the record a transcript of all evidence relevant to such finding or conclusion."  Appellants contend that "[t]he [district] court ignored the facts as provided by Reed's counsel".  However, in addition to failing to properly brief this issue, Appellants have failed to provide this court with a transcript of the hearing the district court held before ruling on this matter.  Thus, based on HISD's motion for a protective order and Appellants' response, we are unable to conclude that the district court abused its discretion in granting the protective order or in awarding attorney's fees.

In this regard, we uphold the district court's use of an affidavit detailing the bases for the requested attorney's fees,

**5**

rather than contemporaneous time records. Appellants did not object in district court; and they do not now cite any authority that contemporaneous time records are required. In short, we find no plain error. *See, e.g., **Douglass v. United Services Auto. Ass'n**, 79 F.3d 1415, 1424 (5th Cir. 1996)("appellate courts have discretion to correct unobjected-to (forfeited) errors that are plain ("clear" or "obvious") and affect substantial rights").

### III.

For the aforementioned reasons, we **AFFIRM** the summary judgment and the protective order, including the related award of attorney's fees.

*AFFIRMED*